GOINGS, PLAINTIFF-APPELLEE, *v.* BLACK, DEFENDANT-APPELLEE. (J. HARVEY CROW), (APPELLANT), AND GOINGS, PLAINTIFF-APPELLEE, *v.* BLACK, DEFENDANT-APPELLEE, (J. HARVEY CROW), (APPELLANT).

Ohio Appeals, Tenth District, Franklin County.

Nos. 6347, 6438. Decided January 31, 1961.

*Mr. Arthur G. Wesner,* for plaintiff-appellee.
*Mr. Rudolph Janata, Jr.,* for defendant-appellee.
*Mr: J. Harvey Crow, in propria persona.*

BRYANT, P. J. This matter comes on for consideration upon the appeal on questions of law of J. Harvey Crow. The cause of action in both cases involves an action for damages. Crow claims he is an assignee of one-half of the claim of each of the two plaintiffs and filed a motion in the court below seeking to be made a party. The petitions in each case were filed on September 19, 1958, whereas the assignments in favor of Crow, on their face, indicate that they were executed on the 25th day of September 1958 and refer to the fact that the petitions in both cases have been filed and the actions are pending. The two assignments except for the names of the assignor are substantially identical in form and contain the following words, "do hereby assign, sell, transfer and deliver to J. Harvey Crow one-half interest in my claim against Harry C. Black, which claim is now pending in the Court of Common Pleas, Franklin County, Ohio, * * *."

This is followed by a further statement in which the assignor grants to Crow "the right to persue (pursue) said claim by becoming a party to said action and to collect said interest in said action as I might lawfully do."

Crow filed a motion in each of the cases in the court below asking to be made a party thereto and supporting his motion with an affidavit to which was attached a copy of the assignment in each case. These motions were overruled by the trial court and Crow has appealed to this court on questions of law. The matter came on for hearing upon a joint assignment of errors filed by Crow to be made applicable to the two cases, the briefs of the parties and oral arguments of counsel. Crow contends the court below erred in overruling his motions.

There are many questions in this case based upon the decision of the court below and the arguments of counsel and the arguments made by Crow himself, but we do not feel called upon to consider them for the reason that on the face of the record it is made clearly to appear that the assignments in question were executed and became effective when the petitions in the two cases had already been filed and the actions were pending. As we view it, in such a case, whether or not the trial court allows Crow to become a party lies in the sound discretion of the court. In 149 A. L. R., 835, the rule is stated as follows:

"Whether, upon a transfer of interest pendente lite, an action shall be continued in the name of the original party, or the transferee substituted, is generally held to be matter within the court's discretion, to be exercised in view of all the attending circumstances, although there is some authority implying that the transferee has the sole right of election.

"The discretion conferred upon the court by statutes providing that an action may be continued in the name of the original party or that the court may allow the person to whom the transfer is made to be substituted in the action is not discretion to dismiss the action but merely a discretion to substitute the transferee as a party instead of continuing the action in the name of the original party. The discretion thus conferred is a sound discretion to be exercised where the circumstances render it proper that the action be prosecuted in the name of the transferee rather than in that of the original plaintiff."

The court below exercised what it considered to be sound discretion overruling the motion and denying Crow the right to become a party in each of the two cases. See Section 2307.25, Revised Code, which provides in part as follows:

"* * * On any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted for him."

After carefully considering the briefs and arguments advanced on this question we are unable to say that the court abused the discretion vested in him. We conclude therefore that the several errors assigned in each of the two cases filed by Crow are not well taken, must be overruled and held for naught, and the judgment of the court below affirmed at the costs of the appellant.

DUFFY and DUFFEY, JJ., concur.